[No. 37553-9-I.    Division One.    May 5, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. CYNTHIA
E. ANGELOS, *Appellant.*

*Kimberly N. Gordon*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Breck Marsh, Deputy*, for respondent.

BECKER, J. — A police officer accompanied emergency medical technicians into the living room of appellant Cynthia Angelos in response to her 911 call reporting she had overdosed on drugs. Having learned there were three children remaining in the home after Angelos went to the hospital, the officer looked for drugs lying around unattended and found cocaine in the bathroom. Angelos, convicted for possession of a controlled substance, appeals the trial court's denial of her suppression motion. We hold the officer's conduct was within the warrant exception for medical emergencies, and affirm.

Officer Richard Isaacson of the Everett Police Department arrived at Angelos' home at the same time as aid personnel from the Everett Fire Department and entered the apartment with them. Other medical personnel were already treating Angelos on her living room floor. Officer Isaacson did not provide aid to Angelos, but overheard her

tell the medical technicians that she had ingested cocaine through her nose, and that her 12-year-old daughter was also in the home with two friends. The officer found the three girls in the daughter's bedroom.

Officer Isaacson explained to the daughter that the medics were there because her mother had taken an overdose of cocaine. She told him that she felt her mother had a prescription drug problem. Officer Isaacson asked her to look and see if any drugs had been left around. She did so and returned saying that she had found something in the bathroom. She then took Officer Isaacson into the bathroom, where he found a line of cocaine beside the sink.

The State charged Angelos with possession of cocaine. After the trial court denied her motion to suppress, she proceeded to a bench trial and was convicted on stipulated facts. On appeal she invokes the Fourth Amendment of the federal constitution and article 1, section 7, of this state's constitution, and contends the cocaine should have been suppressed as the product of a warrantless search.

■ The trial court concluded the search was valid either because of the daughter's consent or as a response to a medical emergency. This court reviews those conclusions de novo. *State v. Thorne*, 129 Wn.2d 347, 350-51, 917 P.2d 108 (1996). Findings of fact are reviewed for substantial evidence, i.e., evidence sufficient to persuade a fairminded, rational person of the truth of the finding. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

■ This state recognizes a medical emergency exception to the Fourth Amendment warrant requirement. *State v. Loewen*, 97 Wn.2d 562, 568, 647 P.2d 489 (1982); *State v. Sanders*, 8 Wn. App. 306, 506 P.2d 892 (1973). The medical emergency exception has been applied in various circumstances where police were carrying out what the Supreme Court described in *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973), as "community caretaking functions." *See, e.g., State v. Gocken*, 71 Wn.

App. 267, 278, 857 P.2d 1074 (1993) (dead body turned up by warrantless "health and safety check" of apartment when neighbors expressed concern they had not seen the occupant), *review denied*, 123 Wn.2d 1024 (1994); *State v. Hutchison*, 56 Wn. App. 863, 785 P.2d 1154 (1990) (contraband discovered in clothing of person passed out in a parking lot by officer searching for identification). This court, in its first case dealing with the medical emergency exception in Washington, cited with approval *People v. Gallegos*, 13 Cal. App. 3d 239, 91 Cal. Rptr. 517 (1970), a California case involving facts very similar to those involved here—a police officer entered a house in response to an anonymous summons advising him that the defendant needed emergency care for an overdose of heroin. *State v. Sanders*, 8 Wn. App. 306, 311, 506 P.2d 892 (1973).

The search in this case is distinguished from an investigative search. An investigative search is not a community caretaking function that will justify a warrantless search. The purpose of an investigative search is to determine if a crime has been committed, and under the Fourth Amendment the assessment of whether there is probable cause for such a search must—in the absence of an exception to the warrant requirement—be made by a neutral and detached magistrate. *United States v. Erickson*, 991 F.2d 529, 532 (9th Cir. 1993).

When the use of the emergency exception is challenged on appeal, the reviewing court must satisfy itself that the claimed emergency was not simply a pretext for conducting an evidentiary search. *State v. Gocken*, 71 Wn. App. 267, 857 P.2d 1074 (1993); *State v. Lynd*, 54 Wn. App. 18, 21, 771 P.2d 770 (1989). To satisfy the exception, the State must show that the officer, both subjectively and objectively, "is actually motivated by a perceived need to render aid or assistance." *Loewen*, 97 Wn.2d at 568 (quoting *State v. Prober*, 98 Wis. 2d 345, 365, 297 N.W.2d 1 (1980)). The search must not be primarily motivated by

intent to arrest and seize evidence.[1] *State v. Nichols*, 20 Wn. App. 462, 464, 581 P.2d 1371, *review denied*, 91 Wn.2d 1004 (1978).

As to the subjective element, the trial court here found, based on Officer Isaacson's testimony, that the "officer was concerned for the safety of the girls with drugs in the apartment and he was also concerned about the possibility that the defendant might have taken prescription drugs in conjunction with the cocaine."

Angelos contends that Officer Isaacson's actions were not consistent with a perceived need to render assistance. *See State v. Downey*, 53 Wn. App. 543, 768 P.2d 502 (1989). She points out that the officer did not look any further once he discovered the cocaine. This, she argues, is inconsistent with his perceived need to search for, and report to the hospital, any prescription drugs that Angelos may have swallowed in conjunction with the cocaine. We agree that his conduct is not entirely consistent with that claimed motive. But his conduct is entirely consistent with the officer's primary motive of protecting the three girls. Because the officer knew the mother had just overdosed, his immediate concern that drugs of some kind might be lying about in easy reach was fully justified.

Angelos argues that Officer Isaacson's entries into the house and bathroom were not objectively reasonable because of the presence of better-trained medical personnel who did not indicate a need to search for drugs. In *State v. Loewen*, the Supreme Court held that a warrantless search was not justified by the medical emergency in that case. The search of a tote bag for identification was initiated by the officer, acting alone, rather than by hospital personnel who were present, and it was not reasonable for the officer to assume a life-threatening emergency existed. *Loewen*, 97 Wn.2d at 569.

■ *Loewen* does not require us to hold that a police of-

---

[1]Also, there must be a reasonable basis to associate the emergency with the place searched; that issue is not contested here. *State v. Nichols*, 20 Wn. App. 462, 466, 581 P.2d 1371, *review denied*, 91 Wn.2d 1004 (1978).

ficer's entry into a home as part of an emergency response team is unreasonable per se. Police presence may not be as crucial as that of the medically-trained personnel, but it certainly can be useful in coping with any circumstances, such as the presence of youngsters, that might otherwise be distracting to the medical technicians. The fact that his services might reasonably be needed inside objectively justifies Officer Isaacson's entry into Angelos' home.

■ The fact that the officer had valid reasons for entering the apartment does not justify his further entry into the bathroom once he found that Angelos was being capably treated by medical personnel. But at this point the officer learned of the presence of the girls. The emergency nature of each situation must be evaluated on its own facts, and in relation to the scene as it reasonably appeared to the officer at the time. *Lynd*, 54 Wn. App. at 22. The entry into the bathroom to search for drugs that might present a safety hazard to the children was objectively reasonable under the circumstances presented in this case.

Angelos nevertheless asks this court to hold the warrantless search unjustified because a quick telephonic warrant would have been available. In *State v. Ringer*, 100 Wn.2d 686, 702, 674 P.2d 1240 (1983), the Supreme Court concluded that the availability of a telephone warrant must be considered in determining whether exigent circumstances exist sufficient to justify a warrantless search. *Ringer* is not on point because the medical emergency exception does not require the presence of probable cause, and is thus distinct from the exception for exigent circumstances. *State v. Swenson*, 59 Wn. App. 586, 588, 799 P.2d 1188 (1990).

Because we affirm on the medical emergency theory, we need not decide whether Angelos' 12-year-old daughter gave valid consent to the search of the bathroom that resulted in the discovery of the cocaine.

Affirmed.

WEBSTER and AGID, JJ., concur.

Review denied at 133 Wn.2d 1034 (1998).