[No. 15672-9-III. Division Three. November 25, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS EUGENE DEMPSEY, *Appellant*.

*David N. Gasch*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SWEENEY, C.J. — Police seized Thomas E. Dempsey in the course of an emergency involuntary civil commitment for mental health evaluation pursuant to RCW 71.05.150(4)(b). They searched him and found a bindle of methamphetamine. He was charged with possession. Mr. Dempsey moved to suppress the drug evidence. The court denied his motion and convicted him on stipulated facts. There are two issues on appeal of the denial of his suppression motion: whether the civil commitment was a pretext to search for drugs, and whether the search exceeded the permissible scope of a civil commitment search. We agree with the court's conclusion the search was lawful. We therefore affirm.

## FACTS

Around 5:00 A.M. on March 18, 1995, Officer Frank Scalise responded for the second time to a call from the home of Mr. Dempsey's parents. Mr. Dempsey had threatened his parents, and they feared for their safety. Mr. Dempsey himself had twice called the police earlier that night, once from a restaurant and again later from the home. He believed "they" were circling in passing cars and were going to kill him. During Officer Scalise's earlier response to the home, Mr. Dempsey had admitted using methamphetamine within the past month and marijuana within the past week. He denied using anything in the last 48 hours. Officer Scalise had attempted to resolve the situation by suggesting that everyone go to bed.

On his second visit, Officer Scalise observed Mr. Demp-

sey to be paranoid, volatile, verbally abusive and physically aggressive. At one point, he had to be restrained by police from assaulting his father. Officer Scalise decided to take Mr. Dempsey to Sacred Heart Medical Center for an involuntary mental health evaluation. Officer Scalise searched Mr. Dempsey before putting him in the patrol car and felt a large folding knife in his pants pocket. The officer reached into the pocket to remove the knife and immediately recognized a large bindle. Officer Scalise confirmed by field test that the bindle contained methamphetamine and arrested Mr. Dempsey for possession. Mr. Dempsey's motion to suppress the bindle was denied and he was convicted. He appeals.

## DISCUSSION

██ ██ Standard of Review. We review denial of a suppression motion by independently evaluating the evidence to determine whether substantial evidence supports the findings and the findings support the conclusions. *State v. Teran*, 71 Wn. App. 668, 671, 862 P.2d 137, *review denied*, 123 Wn.2d 1021 (1994); *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). Here, contrary to CrR 3.6, the court did not enter written findings of undisputed and disputed facts and conclusions of law. *State v. Smith*, 68 Wn. App. 201, 208, 842 P.2d 494 (1992). This oversight is not fatal to review, however, if the court's oral decision provides a basis for review. *State v. Rakosky*, 79 Wn. App. 229, 236, 901 P.2d 364 (1995); *State v. Riley*, 69 Wn. App. 349, 352-53, 848 P.2d 1288 (1993). Here, the oral decision does provide for review.

██ The court concluded that the search was lawful. "I think it's not unreasonable to pack up Mr. Dempsey and take him up to Sacred Heart mental health center to deliver him for purposes of an examination to determine whether he is at imminent risk of serious harm to himself or others." This conclusion was based entirely on stipulated facts derived from affidavits. Accordingly, we stand in the same position as the court when reviewing this rec-

ord. *Brouillet v. Cowles Publ'g Co.*, 114 Wn.2d 788, 793, 791 P.2d 526 (1990); *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35-36, 769 P.2d 283 (1989). The court's conclusion is supported by substantial evidence in the record and indeed is inescapable given the affidavits.

 The Civil Commitment Was Not Pretextual. Washington's civil commitment statute, RCW 71.05, authorizes a police officer to take a mentally deranged person into emergency civil custody to obtain a professional evaluation of the person's mental state, if the officer reasonably believes there is a substantial and imminent likelihood the person will harm himself or others. RCW 71.05.150(4)(b); *State v. Mason*, 56 Wn. App. 93, 96, 782 P.2d 572 (1989), *review denied*, 114 Wn.2d 1010 (1990). A search associated with such an emergency civil commitment falls under the emergency exception to the warrant requirement. *State v. Lowrimore*, 67 Wn. App. 949, 957, 841 P.2d 779 (1992). This exception permits a warrantless search in the exercise of the police "community caretaking" function. *State v. Loewen*, 97 Wn.2d 562, 568, 647 P.2d 489 (1982).

Mr. Dempsey argues that his civil detention was pretextual. He points to the fact that, on discovery of the drugs, he was immediately arrested for possession and transported to jail, not to an evaluation facility. He contends this shows that the true motive for Officer Scalise's second visit was to search for evidence of Mr. Dempsey's recent drug use (use he had admitted) and the civil detention was merely a pretext.

The State responds that the pretext doctrine is no longer viable in Washington. This argument is based on recent Washington and federal cases subjecting probable cause for an investigative search to a purely objective standard and eliminating the subjective motivation of the arresting officer from consideration. *See, e.g., Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996); *State v. Ladson*, 86 Wn. App. 822, 825, 939 P.2d 223 (1997); *State v. Blumenthal*, 78 Wn. App. 82, 86, 895 P.2d 430 (1995).

However, the medical emergency search must be distinguished from an investigative search for evidence of a crime. *State v. Angelos,* 86 Wn. App. 253, 256, 936 P.2d 52 (1997). Unlike the purely objective analysis of probable cause required for an investigative search, the medical emergency exception requires that the search be actually motivated, both subjectively and objectively, by a perceived need to render aid. *Id.*; *Loewen,* 97 Wn.2d at 568. Likewise, an emergency civil detention must be supported by an objectively reasonable belief that the mental derangement creates an imminent likelihood of harm. *Lowrimore,* 67 Wn. App. at 956.

The State must prove both the subjective and objective elements. The primary motivation must not be to arrest and seize evidence. *Loewen,* 97 Wn.2d at 568; *State v. Nichols,* 20 Wn. App. 462, 465, 581 P.2d 1371, *review denied,* 91 Wn.2d 1004 (1978).

The relevant statutory language calls for the reasonable perception of "a substantial risk that physical harm will be inflicted by an individual upon another, *as evidenced by behavior which has caused such harm or which places another person or persons in reasonable fear of sustaining such harm . . . .*" former RCW 71.05.020(3)(b) (emphasis added). Once the basis for an involuntary commitment is established, authority for a protective search is implied by statute. *Lowrimore,* 67 Wn. App. at 956. Evidence discovered in furtherance of a caretaking function is admissible. *State v. Hutchison,* 56 Wn. App. 863, 866, 785 P.2d 1154 (1990).

Mr. Dempsey was out of control on March 18, 1995. He agrees he was out of control. He was sufficiently distraught to call police twice for protection from imaginary homicidal pursuers. His parents were sufficiently afraid for their physical safety to call police. Mr. Dempsey tried to assault his father in front of the police. All attempts to calm Mr. Dempsey and defuse the situation had failed. This substantial evidence amply supports the court's finding that it was reasonable for Officer Scalise to believe that Mr. Dempsey was a substantial and imminent threat

to himself and others. Officer Scalise could therefore legally seize Mr. Dempsey and seek a professional evaluation of his mental state.

Once the controlled substance was found in his possession, there was probable cause for arrest. *Lowrimore*, 67 Wn. App. at 959. From that point forward, RCW 71.05.150(4)(b) was no longer the operative procedure.

**A Civil Commitment Search is Not Limited to a Weapons Pat Down.** A search incident to a civil detention is not limited by *Terry*[1] considerations. *Lowrimore*, 67 Wn. App. at 956-57. In a *Terry* stop, the only purpose for the search is to protect the officer from immediate harm while he completes his investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 1881, 20 L. Ed. 2d 889 (1968). A civil custody search, on the other hand, has the primary purpose of protecting, not the officer, but the affected individual and others who may come into contact with him while rendering aid. *Lowrimore*, 67 Wn. App. at 956-57. The search here falls into the "emergency situation" exception to the warrant requirement. *Id.* at 957. This exception permits a warrantless search to whatever extent is objectively reasonable to carry out the police caretaking function, given the circumstances reasonably perceived by the officer at the scene at the time. *State v. Lynd*, 54 Wn. App. 18, 21-22, 771 P.2d 770 (1989). During an intervention, the officer may search for any dangerous instrumentality. *Lowrimore*, 67 Wn. App. at 956-57. There need be only "some reasonable basis to associate the emergency with the place searched." *Lynd*, 54 Wn. App. at 21.

Here, Mr. Dempsey was in an acutely paranoid state. He perceived threats to himself from every passing car. It was reasonable for Officer Scalise to search for weapons before exposing himself and others to close contact with Mr. Dempsey. Moreover, the officer was not bound to limit his search to weapons. He had an obligation to identify and remove anything with which Mr. Dempsey might harm himself or others, including street drugs.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

Evidence of drug violations discovered in the course of an emergency search is admissible provided the search was reasonably justified by the emergency situation. *State v. Hudson*, 124 Wn.2d 107, 114, 874 P.2d 160 (1994); *Hutchison*, 56 Wn. App. at 866 (citing 2 WAYNE R. LaFAVE, SEARCH AND SEIZURE § 5.4(c) (2d ed. 1987)).

The search of Mr. Dempsey was lawful and not limited to a pat down. We therefore do not reach his final issue that the search exceeded the "plain touch" expansion of the patdown weapons search.

The evidence of drug possession was properly obtained pursuant to a lawful search, and the motion to suppress was properly denied.

Affirmed.

SCHULTHEIS and BROWN, JJ., concur.