[No. 20109-1-III.   Division Three.   August 20, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. PHYLA JO NEELEY, *Appellant*.

*Bevan J. Maxey* and *E. Armstrong Williams* (of *Maxey Law Offices, P.S.*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

BROWN, C.J. — After a failed suppression hearing challenging her arrest for possessing drug paraphernalia, which led to the discovery of cocaine, Phyla Jo Neeley was found guilty of possessing cocaine at a stipulated facts trial. We clarify the standard of review and affirm because probable cause existed to arrest.

## FACTS

Spokane Police Department Officers Erickson and Kendall were on patrol when at around 2:00 A.M. they encountered Ms. Neeley's vehicle near the downtown intersection of First and Cowley, an area known for high rates of prostitution and drug activity. All the area businesses were closed. No residences exist in the area. Ms. Neeley's vehicle was conspicuous to the officers because of the circumstances.

When the officers shined a light into Ms. Neeley's car they saw someone bending over in the car, possibly trying to hide. After parking and while approaching the car, Officer Erickson saw Ms. Neeley leaning over the passenger seat and bobbing her head up and down in a strange way as if ingesting or concealing something.

As Officer Erickson got closer to the passenger side of the vehicle, he observed a small Brillo pad, a small pair of scissors, and a lighter. Officer Erickson had at that time three years' experience as a Spokane Police Officer. Through his training and experience, Officer Erickson recognized the Brillo pad, scissors, and lighter as drug paraphernalia. These items were located on the seat in the exact location over which Officer Erickson had seen Ms. Neeley leaning just moments before.

Officer Erickson immediately announced probable cause to arrest Ms. Neeley for possessing drug paraphernalia. Incident to the arrest, Ms. Neeley was searched. The officers found crack cocaine in her pocket.

The State later charged Ms. Neeley with one count of possession of a controlled substance, cocaine. Ms. Neeley filed an unsuccessful motion to suppress the drug evidence seized from her person in the search incident to her arrest. Reconsideration was denied. She was found guilty after a stipulated facts trial, then appealed.

## ANALYSIS

The issue is whether the trial court erred in denying Ms. Neeley's suppression motion after determining her search was incident to a lawful arrest, based upon probable cause to believe she possessed controlled substance paraphernalia. Because they have been largely cured, we do not discuss the State's procedural concerns regarding the record designated by Ms. Neeley, except for her failure to allege deficient trial court findings. We do so because we believe it helpful to clarify our standard of review.

■ The trial court entered 15 findings of fact on the CrR 3.6 motion. "A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number." RAP 10.3(g). Further, when a party challenges findings of fact, he or she must include them verbatim in the brief or attach a copy of them in an appendix to the brief. RAP 10.4(c). Here, Ms. Neeley has not complied with either rule; she has not assigned error to any specific finding of fact, nor has she appended a copy of the findings to her brief. Rather, she makes a sweeping claim that the trial court's findings are unsupported by substantial evidence.

Ms. Neeley's failure to assign error to specific findings of fact may be a result of her reliance on this court's opinion in *State v. Dempsey*, 88 Wn. App. 918, 921, 947 P.2d 265 (1997). In *Dempsey*, this court stated that it reviews denial of a suppression motion "by independently evaluating the evidence to determine whether substantial evidence supports the findings and the findings support the conclusions." *Dempsey*, 88 Wn. App. at 921 (citing *State v. Teran*, 71 Wn. App. 668, 671, 862 P.2d 137 (1993)). But, the rule quoted in *Dempsey* had already been "discarded" by the Supreme Court as an "anomaly" "misappropriated" into state law by misapplication of federal law governing federal review of state court decisions. *State v. Hill*, 123 Wn.2d 641, 644-45, 870 P.2d 313 (1994).

Rather, under Washington appellate procedure, the appellate court limits its review of findings of fact entered following a suppression motion solely to "those facts to which error has been assigned." *Id.* at 647. "Where there is substantial evidence in the record supporting the challenged facts, those facts will be binding on appeal." *Id.* And unchallenged findings are verities binding on appeal. *Id.* at 644. *Hill* abrogated the precedence upon which the *Teran* court relied, and *Dempsey* relied partly on *Teran*, another opinion of this court. *Compare Hill*, 123 Wn.2d at 644-45 *with Dempsey*, 88 Wn. App. at 921 *and Teran*, 71 Wn. App. at 671. *Hill*, not *Dempsey* nor *Teran*, controls the correct standard of review for findings of fact entered on a suppression motion.

Here, as noted above, Ms. Neeley has not assigned error to specific findings of fact. RAP 10.3(g). Ordinarily, these findings would be treated as verities on appeal. *Hill*, 123 Wn.2d at 644. However, in appropriate circumstances the appellate court will waive technical violations of the RAP where the briefing makes the nature of the challenge perfectly clear, particularly where the challenged finding can be found in the text of the brief. *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 709-10, 592 P.2d 631 (1979); RAP 1.2(a). That does not appear to be the case here; we cannot discern from Ms. Neeley's briefing a specific challenge to a finding of fact, nor does she include any challenged findings in the text of her brief. *Cf. Daughtry*, 91 Wn.2d at 710 (noting "where the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief," the trial court would consider the merits of the challenge).

In essence, Ms. Neeley argues the trial court's findings do not support its conclusion that the officers had probable cause to arrest her for possession of drug paraphernalia. And that argument ultimately turns on issues of law. Given the nature of Ms. Neeley's briefing, we will treat the trial court's findings of fact as unchallenged, and thus verities on appeal. *Hill*, 123 Wn.2d at 644.

■ Consequently, the issue turns on whether the findings of fact support the trial court's legal conclusion that the incriminating evidence was lawfully obtained. We conduct a de novo review of conclusions of law in an order pertaining to a suppression motion. *State v. Mendez*, 137 Wn.2d 208, 214, 970 P.2d 722 (1999). Ms. Neeley contends the evidence was not lawfully obtained because the officers lacked probable cause to arrest her and search her person incident to that arrest. Resolving this question requires application of relevant search and seizure law.

■■ As a general rule, a warrantless search is per se unreasonable under both the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution unless the search falls within one or more specific exceptions to the warrant requirement. *State v. Ross*, 141 Wn.2d 304, 312, 4 P.3d 130 (2000). The burden is on the State to prove an exception to the warrant requirement applies. *State v. Ladson*, 138 Wn.2d 343, 349-50, 979 P.2d 833 (1999).

■ One well-recognized exception to the warrant requirement is a search incident to a valid custodial arrest. *State v. Vrieling*, 144 Wn.2d 489, 492, 28 P.3d 762 (2001); *State v. McKenna*, 91 Wn. App. 554, 559, 958 P.2d 1017 (1998). Here, the officers searched Ms. Neeley's person incident to her arrest for drug paraphernalia possession and found crack cocaine inside her coat pocket. Ms. Neeley contends the search was invalid because the officers lacked probable cause to arrest her.

■ This court recently held that it reviews a police officer's probable cause determination as not solely a question of fact, but rather a mixed question of law and fact. *State v. Vasquez*, 109 Wn. App. 310, 318, 34 P.3d 1255 (2001), *review granted*, 146 Wn.2d 1008 (2002). Here, where the trial court's findings of fact are unchallenged verities, the inquiry focuses on whether the findings support the conclusions of law. *Hill*, 123 Wn.2d at 647. This is a legal question reviewed de novo. *Vasquez*, 109 Wn. App. at 318.

An officer must have probable cause to arrest before commencing a search incident thereto, "which is also to say that the arrest cannot be justified by the fruits of the search." *McKenna*, 91 Wn. App. at 560. "Probable cause 'boils down, in criminal situations, to a simple determination of whether the relevant official, police or judicial, could reasonably believe that the person to be arrested has committed the crime.' " *State v. Fisher*, 145 Wn.2d 209, 220 n.47, 35 P.3d 366 (2001) (quoting *State v. Klinker*, 85 Wn.2d 509, 521, 537 P.2d 268 (1975)). Probable cause does not require the officer to have evidence sufficient to establish guilt beyond a reasonable doubt. *State v. Bellows*, 72 Wn.2d 264, 266, 432 P.2d 654 (1967). Moreover, this court's probable cause determination is grounded on a practical, nontechnical review of the total facts of the case under consideration. *State v. Gillenwater*, 96 Wn. App. 667, 671, 980 P.2d 318 (1999), *review denied*, 140 Wn.2d 1004 (2000).

Here, the officers arrested Ms. Neeley for possessing drug paraphernalia. The trial court correctly concluded possession of drug paraphernalia alone does not give probable cause to arrest for possession of such items—bare possession of drug paraphernalia is not a crime. RCW 69.50.412; *McKenna*, 91 Wn. App. at 563; *State v. Lowrimore*, 67 Wn. App. 949, 959, 841 P.2d 779 (1992). However, the trial court also concluded Ms. Neeley possessed the drug paraphernalia in circumstances giving rise to probable cause that she was using the paraphernalia to ingest a controlled substance. Using drug paraphernalia to "ingest, inhale, or otherwise introduce into the human body a controlled substance" is a misdemeanor. RCW 69.50.412(1); *see also Lowrimore*, 67 Wn. App. at 959. An officer may arrest a person without a warrant when the officer has probable cause to believe the person has committed a misdemeanor or gross misdemeanor involving the possession or use of cannabis. RCW 10.31.100(1); *Lowrimore*, 67 Wn. App. at 959 n.10.

The unchallenged findings of the trial court show the officers spotted Ms. Neeley's car in an area of Spokane

known for high rates of prostitution and drug activity. It was 2:00 A.M., all the area businesses were closed, and no residences existed in the area. Ms. Neeley's vehicle was conspicuous given the area and the time of night. She acted suspiciously when illuminated. Ms. Neeley leaned over the passenger side of the seat, her head bobbing up and down as if she was ingesting or concealing something. This behavior was seen as the officers approached Ms. Neeley's car.

As Officer Erickson approached the passenger side of the vehicle, he saw a small Brillo pad, a small pair of scissors, and a lighter. Officer Erickson, relying on experience and training, recognized these items to be drug paraphernalia. At the suppression hearing, Officer Erickson explained how these items were used in the process of ingesting cocaine. The items were lying on the seat in the exact location that Officer Erickson had observed Ms. Neeley to be leaning moments before.

As noted above, possession of drug paraphernalia alone will not support probable cause for an arrest. RCW 69.50.412; *McKenna*, 91 Wn. App. at 563; *Lowrimore*, 67 Wn. App. at 959. But other evidence indicating the drug paraphernalia had been used to ingest or inhale a controlled substance will support probable cause for arrest under RCW 69.50.412(1). *Lowrimore*, 67 Wn. App. at 959; *State v. Williams*, 62 Wn. App. 748, 752-53, 815 P.2d 825 (1991). Here, the combined facts of the timing and location of Ms. Neeley's car, her physical behavior, and the drug paraphernalia lying on the passenger seat raised a reasonable inference that she used the paraphernalia to ingest a controlled substance.

Ms. Neeley disputes the trial court's conclusion that the facts of her case were more similar to *Lowrimore* than *McKenna*. However, in *McKenna* the defendant manifested no behavior indicating she had used the drug paraphernalia found in her duffle bag. *See McKenna*, 91 Wn. App. at 563. By contrast, the defendant in *Lowrimore* acted in a bizarre and unstable manner that raised a reasonable inference that she had used the drug paraphernalia found

in her purse. *Lowrimore*, 67 Wn. App. at 959. Thus, this case is closer to *Lowrimore* than *McKenna* because Ms. Neeley exhibited behavior consistent with drug ingestion.

■ Without citation or persuasive argument, Ms. Neeley also complains the arresting officers could not have had probable cause to arrest her because they did not attempt to pump her stomach or clear her mouth. We will not consider her unsupported argument. *See Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 203, 11 P.3d 762, 27 P.3d 608 (2000) (appellate court will not consider an issue unsupported by adequate argument). In any event, based upon the facts relied upon by the trial court, probable cause existed to arrest Ms. Neeley.

■ Ms. Neeley next argues the arrest was invalid because the drug paraphernalia was not observed in plain view. But, here the open view doctrine is applicable, not the plain view doctrine, because the officers viewed Ms. Neeley's activities from lawful vantage points, public surroundings. The officers observed the drug paraphernalia while standing outside the vehicle on public streets and sidewalks. "Simply put, the 'plain view' doctrine does not apply if the contraband can be viewed from outside the vehicle." *State v. Lemus*, 103 Wn. App. 94, 103, 11 P.3d 326 (2000). When an officer standing in a "nonconstitutionally protected area," such as a city street or a sidewalk, observes something readily seen through an automobile's window, the "open view" doctrine applies. *Id*. at 102-03 (citing *State v. Kennedy*, 107 Wn.2d 1, 10, 726 P.2d 445 (1986)).

"Under the open view doctrine, if an officer detects something by using one or more of his or her senses, while lawfully present at the vantage point where those senses are used, no search has occurred." *State v. Cardenas*, 146 Wn.2d 400, 408, 47 P.3d 127 (2002) (citing *State v. Rose*, 128 Wn.2d 388, 393, 909 P.2d 280 (1996); *State v. Young*, 123 Wn.2d 173, 867 P.2d 593 (1994); *State v. Seagull*, 95 Wn.2d 898, 901, 632 P.2d 44 (1981)). Although the open view observation does not constitute a search, the information gained from the observation may provide probable cause for

a search warrant or a warrantless arrest. *State v. Bobic*, 140 Wn.2d 250, 254-55, 258-59, 996 P.2d 610 (2000); *Lemus*, 103 Wn. App. at 103.

In *Lemus*, an officer standing on a city street and peering through the window of an automobile observed a powdery substance on the driver's pant leg. *Lemus*, 103 Wn. App. at 102-03. This court held the officer's discovery to be an open view observation of " 'that which was there to be seen.' " *Id.* at 103 (quoting *State v. Myers*, 117 Wn.2d 332, 345, 815 P.2d 761 (1991)). "An officer's act of observing the interior of an automobile through its windows while the vehicle is parked in a public place is not a search 'in the constitutional sense.' " *Id.* at 103 (quoting *State v. Young*, 28 Wn. App. 412, 417, 624 P.2d 725 (1981)). And the fact that an officer uses a flashlight to enhance his or her nighttime vision does not convert an open view observation into an unconstitutional intrusion. *Id.* at 103.

In sum, the officers saw the drug paraphernalia in open view, and that observation and other evidence afforded them probable cause to arrest Ms. Neeley for using that paraphernalia to ingest a controlled substance. *Lowrimore*, 67 Wn. App. at 959. Once Ms. Neeley was validly placed under custodial arrest, she was subject to a search incident thereto. *McKenna*, 91 Wn. App. at 559. Her search resulted in discovery of crack cocaine in her coat pocket, which ultimately resulted in her conviction for possession of a controlled substance. Ms. Neeley does not contend the search incident to her arrest exceeded its constitutional scope.

Affirmed.

SCHULTHEIS and KATO, JJ., concur.