

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In the Matter of the Estate of )
) No. 40344-1-III
CAROL M. CAREY, )
)
        Deceased. )
)
_____ )
) UNPUBLISHED OPINION
TODD J. CAREY, )
)
        Appellant, )
)
   v. )
)
JILL M. WHITMAN; NATHAN MAY, )
)
        Respondents. )

COONEY, J. — Todd Carey[1] is one of the late Carol Carey's five children. After

Carol passed away, Todd and three of his siblings had a dispute about the distribution of

_____

[1] We use first names where individuals share a last name. No disrespect is
intended.

the assets of the Estate of Carol Carey (Estate) with their sister, Jill Whitman. The

dispute was settled when the siblings reached an agreement through the Trust Estate

Dispute Resolution Act (TEDRA), the provisions of which were ultimately satisfied

under the filed "Non-Judicial Dispute Resolution Agreement" (Agreement). Clerk's

Papers (CP) at 598 (some capitalization omitted). Ms. Whitman, as personal

representative (PR) of the Estate, later filed a "Declaration of Completion of Probate."

CP at 668. Thereafter, Todd filed three petitions with the superior court, two of which

requested a report of affairs from Ms. Whitman and Nathan May, a former successor PR

of the Estate. Ms. Whitman and Mr. May moved for summary judgment dismissal of the

petitions. Todd consented to the superior court entering summary judgment in favor of

Ms. Whitman and Mr. May.

Todd appeals, arguing that (1) he was wrongly removed as the PR in an earlier

proceeding, violating his right to due process; (2) he was afforded ineffective assistance

of counsel; (3) the Agreement should be invalidated because he signed it under duress;

(4) the court's order on summary judgment was improper; and (5) he should be awarded

attorney fees. Ms. Whitman responds[2] that (1) Todd's removal as PR and the validity of

the Agreement are not properly before this court; (2) Todd had no right to effective

---

[2] Pursuant to RAP 18.1 and RCW 11.96A.150, Mr. May joined and adopted by reference all portions of Ms. Whitman's brief. However, he did make an independent request for attorney fees that is addressed below.

2

counsel; and (3) we should decline review of the order on summary judgment because Todd consented to the court entering the order. We agree with Ms. Whitman and Mr. May and affirm.

Both Ms. Whitman and Mr. May request their attorney fees on appeal. We grant their requests. Moreover, Ms. Whitman requests sanctions be imposed against Todd for filing this frivolous appeal, his noncompliance with the RAPs, and his repeated citations to fabricated or inapplicable case law. We agree this appeal is frivolous and sanction Todd. Finally, we grant Ms. Whitman's pending motions to strike two of Todd's improper RAP 10.8 filings but decline her request to impose sanctions for these violations or for Todd's fabricated legal citations.

## BACKGROUND

Carol passed away in 2019 and was survived by her five children: Bryan Carey, Paul Carey, Todd Carey, Cynthia Warner, and Jill Whitman. In 2008, Carol executed her last will and testament that bequeathed her Estate to her five children in equal shares and named Ms. Whitman as the PR of the Estate. In 2014, Carol executed a codicil to her 2008 will. The codicil devised a residence, apartments, and a commercial building to Ms. Whitman. The remainder of the Estate was to be divided among Bryan, Paul, Todd, Ms. Warner, and Ms. Whitman "in equal shares, share and share alike." CP at 6.

In November 2019, after Carol's passing, Ms. Whitman filed a "Petition for Letters Testamentary; Waiving Bond; Adjudicating Estate to be Solvent; and Directing

3

Administration Without Court Intervention." CP at 10. Carol's will and codicil were admitted to probate. Bryan, Paul, Todd, and Ms. Warner objected to the ex parte order admitting the will and codicil to probate and obtained an order vacating it. The order vacated the entire order that admitted the will and codicil to probate, including the portion of the order that appointed Ms. Whitman as PR of the Estate. The parties, however, recognized the order as only vacating the codicil to probate. Bryan, Paul, Todd, and Ms. Warner filed a motion requesting Nathan May be appointed as an independent PR of the Estate. The court denied the motion.

In a separate, but later consolidated, TEDRA action, Bryan, Paul, Todd, and Ms. Warner requested the removal of Ms. Whitman as PR but did not propose a successor PR. Another petition was filed a few months later by Bryan, Paul, Todd, and Ms. Warner requesting the removal of Ms. Whitman as PR and the appointment of Todd as successor PR, or, in the alternative, appointment of an independent PR.

At the hearing on the petitions to remove Ms. Whitman as PR, counsel for Bryan, Paul, Todd, and Ms. Warner requested the court appoint an independent PR instead of Todd. Specifically, their attorney stated, "[Y]ou know, let's be clear. At this point, we're not even asking that one of my clients be named. We're just saying let's get someone independent in there and then—and we'll get some discovery going." Rep. of Proc. (RP) (July 22, 2020) at 56. Their attorney concluded the argument by stating, "Today we would like Ms. Whitman to be removed as personal representative and for the

4

appointment of an independent administrator." RP (July 22, 2020) at 68. About three months later, the court issued an order removing Ms. Whitman as PR and appointing Todd as the successor PR, subject to the parties agreeing on an independent PR by October 31, 2020.

Ms. Whitman moved for reconsideration, arguing, "[C]ounsel for petitioners did specifically state[] he was not asking that one of his clients be appointed as administrator and did request [an] independent administrator on multiple [occasions]" at the hearing. CP at 1122. No responses to the motion were filed. The court granted Ms. Whitman's motion for reconsideration, ordered that Todd be removed as PR, and appointed Mr. May as successor PR.

In early 2021, Ms. Whitman filed a notice of mediation under RCW 11.96A.300 in the original probate and in the TEDRA action, requesting mediation of "[a]ll matters pertaining to" the Estate. CP at 450. The probate and the TEDRA action were later consolidated, and the case proceeded to mediation in May 2021. All interested parties were represented by counsel.

The mediation resulted in the Agreement that was signed by Carol's five children and Mr. May. The Agreement was later filed with the court. The Agreement stated, in relevant part:

> 5. All Parties warrant that they have read this Agreement, fully understand their rights thereunder and are not acting under any duress, compulsion or misrepresentation by any person. . . .

. . . .

6. The Parties agree that upon execution of this Agreement JILL R. WHITMAN shall be re-appointed as Personal Representative of the Estate of Carol M. Carey. The Parties shall sign a stipulation and order appointing JILL R. WHITMAN as the Personal Representative of the Estate with nonintervention powers and without bond not later than 12:00 p.m. May 7, 2021 . . . The Parties waive any right to a final accounting by NATHAN MAY.

. . . .

10. Within thirty (30) days of the date of this Agreement, JILL R. WHITMAN as Personal Representative of the Estate of Carol M. Carey shall distribute to BRYAN B. CAREY; PAUL L. CAREY; TODD J. CAREY; and CYNTHIA A. WARNER all shares of L.R. Bailey, Inc. held by the Estate or title in the name of Carol M. Carey;

. . . .

13. Within one hundred eighty (180) days from the date of this Agreement, JILL R. WHITMAN as Personal Representative of the Estate of Carol M. Carey shall pay to BRYAN B. CAREY; PAUL L. CAREY; TODD J. CAREY; and CYNTHIA A. WARNER the sum of four hundred sixty thousand dollars ($460,000.00), payable to the order of Northwest Elder Law Center IOLTA. JILL R. WHITMAN shall be entitled to use Estate funds to make the payment required by this paragraph. In the event that JILL R. WHITMAN is unable to obtain financing to make said payment on time, then and in that event the Benton City Rental Properties shall be listed for sale with a commercial real estate broker and sold, and in that event, the first four hundred sixty thousand dollars ($460,000.00) of proceeds, after payment of closing costs, shall be paid to BRYAN B. CAREY; PAUL L. CAREY; TODD J. CAREY; and CYNTHIA A. WARNER . . . .

14. Upon payment to BRYAN B. CAREY; PAUL L. CAREY; TODD J. CAREY; and CYNTHIA A. WARNER as provided in the preceding paragraph and the distribution of the L.R. Bailey, Inc. stock, or in the alternative upon entry of the judgment provided for in the preceding paragraph, then BRYAN B. CAREY; PAUL L. CAREY; TODD J.

> CAREY; and CYNTHIA A. WARNER shall have received their full and final distributive share of the Estate. . . .
>
> . . . .
>
> 25. Any dispute between the parties arising out of this Agreement or the parties' settlement shall be heard and resolved by Jan R. Armstrong, who shall serve and act as an arbitrator for such purpose, and whose decision on any disputed matter shall be final, binding, and non-appealable . . . The prevailing party/ies in an arbitration action shall be entitled to recover his/her/its reasonable attorneys' fees, costs, and expenses from the other party/ies.

CP at 603-07, 611.

In early June 2021, Ms. Whitman, as PR of the Estate, executed an assignment of shares of L.R. Bailey, Inc., in favor of Bryan, Paul, Todd, and Ms. Warner. The payment of $460,000 was not made by November 6, 2021, 180 days after the Agreement was executed, causing Ms. Whitman to list the Benton City Rental Properties for sale. When the property sold in December 2021, counsel for Ms. Whitman delivered a $460,000 check to counsel for Bryan, Paul, Todd, and Ms. Warner.

On November 15, 2023, Ms. Whitman filed a "Declaration of Completion of Probate" and a "Notice of Filing Declaration of Completion of Probate." CP at 668-71. More than a month later, Todd, acting pro se, filed a petition for an order directing the former PR, Mr. May, to deliver a report of affairs of the Estate. Todd filed a second petition requesting that Ms. Whitman also deliver a report of affairs as well as a third petition titled "Petition for Procedure When Personal Representative Recreant to Trust or

Subject to Removal." CP at 676. The third petition did not make a specific request for relief (The petition requesting an accounting from Ms. Whitman is not in the record but her response to the request is.).

Ms. Whitman filed a motion for summary judgment seeking dismissal of Todd's petitions and an award of attorney fees. Mr. May joined in the motion. Todd retained an attorney and did not file a response to the motion for summary judgment. Rather, he submitted a declaration in opposition to the requested fees and costs.

Todd and his attorney appeared at the hearing on the motion for summary judgment. Todd, through his attorney, moved to strike his petitions and stated, "We do not challenge the motion for summary judgment." RP (Feb. 28, 2024) at 209. The court confirmed there was no opposition to summary judgment and Todd's attorney, during her argument against the fee requests of Ms. Whitman and Mr. May, stated,

> So, once I was brought fully to speed and was, you know, had a frank
> conversation with [Todd] Carey regarding the civil procedural barriers that
> this Court faces regarding his petitions, we made the decision to strike
> those petitions to not oppose a summary judgment and then with the hopes
> to reduce some of the fees.

RP (Feb. 28, 2024) at 212. The court granted summary judgment, dismissed Todd's petitions, and awarded attorney fees to Mr. May and Ms. Whitman.

Todd appeals. Following submission of the parties' briefs, Todd filed an objection to Ms. Whitman's and Mr. May's request for attorney fees on appeal. Ms. Whitman

responded to Todd's objection, moved to strike the objection, and requested sanctions be imposed against Todd.

Todd also filed a notice of supplemental authority. Ms. Whitman responded to Todd's notice, moved to strike, and again asked for sanctions against Todd. Both motions were referred to the panel deciding the case.

ANALYSIS

MOTION TO STRIKE TODD'S OBJECTION AND FOR SANCTIONS

Ms. Whitman moves to strike Todd's objection to her's and Mr. May's attorney fee requests and asks this court to sanction Todd. We strike Todd's objection because it is an improper attempt to submit supplemental briefing but decline to sanction him.

Todd filed an objection to the request for attorney fees in December 2025, long after submission of his reply brief in July 2025. Todd filed a 55-page reply brief on the merits and could have addressed Mr. May's and Ms. Whitman's attorney fee requests there. He is not entitled to belatedly submit supplemental briefing on the issue.

Ms. Whitman also requests sanctions against Todd, noting that he has repeatedly attempted to submit new argument to this court under the guise of RAP 10.8 and has already attempted to obtain leave to file a supplemental brief, which was denied. Though Ms. Whitman is correct and Todd has clearly created more work for her, Mr. May, and this court, we decline to impose sanctions because, as discussed below, Todd is being sanctioned for filing this frivolous appeal.

9

MOTION TO STRIKE TODD'S SUPPLEMENTAL AUTHORITIES AND FOR SANCTIONS

Ms. Whitman moves to strike Todd's notice of supplemental authority and for sanctions. We strike Todd's filing but decline sanctioning him.

Todd filed a notice of supplemental authority contending that he obtained a billing invoice that he alleged related to issues he raised on appeal. Though he states the filing "does not seek to supplement the record under RAP 9.11 or request new factual determinations," it appears that is the purpose of Todd's filing. Appellant's RAP 10.8 Notice of Supplemental Authority, *In re Estate of Carey*, No. 40344-1-III (Wash. Ct. App. Dec. 5, 2025). Todd does not include a citation to the clerk's papers for the invoice he references, and it is unclear where in the record the invoice could be found. RAP 10.8 is intended to allow citation to new authority, not supplemental argument or supplementation of the record. Again, as Ms. Whitman points out, Todd has repeatedly attempted to use RAP 10.8 for improper purposes. Thus, we strike his filing. However, because we are sanctioning Todd for filing this frivolous appeal, we decline to impose sanctions for this violation.

MS. WHITMAN'S MOTION FOR RECONSIDERATION OF THE ORDER REMOVING HER AS PR AND APPOINTING TODD

Todd argues Ms. Whitman's motion for reconsideration of the order removing her as PR and appointing him as successor PR was improper, the court's order on reconsideration was erroneous, and these errors violated his right to due process. Ms.

Whitman responds that these arguments are untimely and not properly before this court. Ms. Whitman also contends Todd failed to follow the RAPs and provided this court with citations to fictitious cases. We agree with Ms. Whitman. Todd's claimed errors are not properly before this court and Todd's citations to fictitious cases preclude our review.

Ms. Whitman contends Todd's purported errors related to the court's order on reconsideration were not appealed and therefore are not properly before this court. We agree. The motion and order Todd complains of were filed in 2020, and no appeal of the order on reconsideration was filed. Rather, Todd simply appealed the court's order on summary judgment. Thus, we decline to address this argument.

We further decline to address Todd's claimed error because he failed to provide sufficient legal authority supporting his position. RAP 10.3(a)(6) requires a party to an appeal to provide argument in support of the issues presented for review and citations to relevant legal authority. The purpose of RAP 10.3(a) "is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." *Hurlbert v. Gordon*, 64 Wn. App. 386, 400, 824 P.2d 1238 (1992). Consequently, we will not consider conclusory arguments unsupported by citation to authority. *Joy v. Dep't of Lab. & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012).

Todd's citations to fictious legal authority[3] equates to a lack of legal authority. Thus, we decline review of the arguments premised on fictious authority.

ASSISTANCE OF COUNSEL

Todd argues he was afforded ineffective assistance of counsel. Ms. Whitman responds that Todd did not have a constitutional right to counsel during probate and the TEDRA proceedings. We agree with Ms. Whitman.

Probate and TEDRA actions are civil matters. The constitutional right to effective assistance of counsel applies to criminal proceedings, and "[n]o similar right is given to parties in civil actions." *Seventh Elect Church in Israel v. Rogers*, 34 Wn. App. 105, 120, 660 P.2d 280 (1983). Todd did not have the right to effective assistance of counsel for the probate and TEDRA proceedings.

VALIDITY OF THE AGREEMENT

Todd ostensibly contends the Agreement is unfair, and he signed it under duress. He seemingly takes issue with the amount of time he was given to consider the

---

[3] *See, e.g.*, Opening Br. of Appellant Todd Carey at 65 (citations to *In re Estate of Stoler*, 113 Wn. App. 104 (2002) (this citation appears to correspond to *State v. Neely*, 113 Wn. App. 100, 52 P.3d 539 (2002), a criminal case with no applicability to estate law or TEDRA) and *Estate of Wallace v. Palmer*, 103 Wn. App. 1064 (2000), neither of which appear to exist), 36, 38; (citation to *In re Estate of Powers*, 255 Ill. App. 3d 1006 (1994), which does not appear to exist, and *Perez v. Pappas*, 98 Wn.2d 835, 659 P.2d 475 (1983), which is inapplicable to his argument); 41-42 (citations to *McIntosh v. McIntosh*, 282 Ga. 610, 652 S.E.2d 546 (2007), and *In re Estate of Griffith*, 327 P.3d 612 (Colo. 2014), neither of which appear to exist).

Agreement and with its actual terms.[4]  We decline to address this issue because it is not properly before this court.  As discussed above, Todd only appealed the trial court's order on summary judgment.

ORDER ON MS. WHITMAN'S AND MR. MAY'S MOTION FOR SUMMARY JUDGMENT

Todd argues the court's order on summary judgment in favor of Ms. Whitman and Mr. May was inappropriate.  Ms. Whitman responds that Todd consented to summary judgment and may not now appeal that order.  We agree with Ms. Whitman.  At the hearing on the motion for summary judgment, Todd's counsel confirmed he did not oppose the motion.  Consequently, the court entered an order granting summary judgment in favor of Ms. Whitman and Mr. May.  Todd cannot be heard objecting in this court to that which he assented to in the superior court.  *Port v. Parfit*, 4 Wash. 369, 375, 30 P. 328 (1892).

ATTORNEY FEES

All parties request their attorney fees on appeal.  Because Todd has not prevailed, he is not entitled to attorney fees.  Ms. Whitman and Mr. May request their fees pursuant

---

[4] Todd also makes claims in passing regarding: TEDRA being "exploited" and used against him, Ms. Whitman's alleged "self-dealing," and the real estate agent that helped Ms. Whitman sell properties formerly belonging to the Estate engaged in fraud, among other things.  Reply Br. of Appellant Todd Carey at 8, 11, 16.  Because these claims are supported by little, if any, argument or authority, we decline to address them. *Palmer v. Jensen*, 81 Wn. App. 148, 153, 913 P.3d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

to RAP 18.1, RCW 11.96A.150, RCW 4.84.185, and the Agreement. We grant Ms. Whitman's and Mr. May's requests.

RAP 18.1(a) allows an award of attorney fees to a prevailing party if "applicable law grants to a party the right to recover reasonable attorney fees or expenses" and they comply with the requirements of the rule. RCW 11.96A.150(1)(c) provides that this court may, in its discretion, order a party to a TEDRA action to pay any other party's attorney fees "in such an amount and in such manner as the court determines to be equitable." RCW 4.84.185 allows a prevailing party to recover attorney fees for opposing a frivolous action or defense. An appeal is frivolous "if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985). Finally, the Agreement states, "The prevailing party/ies in an arbitration action shall be entitled to recover his/her/its reasonable attorneys' fees, costs, and expenses from the other party/ies." CP at 611.

Here, Ms. Whitman and Mr. May each complied with RAP 18.1. Moreover, Todd's appeal is so devoid of merit that there was no possibility for reversal, rendering his appeal frivolous. Attorney fees are also warranted under RCW 11.96A.150 and the TEDRA Agreement itself because this action directly concerns the TEDRA Agreement.

Ms. Whitman also requests sanctions against Todd for filing this frivolous appeal, his failure to comply with the RAPs, and his multiple citations to fictious cases and

14

authority. RAP 18.9(a). Indeed, Todd cited to incorrect, chimerical, or inapplicable case law throughout his briefing to support his arguments. Where the case itself was not fabricated, Todd often misquoted or misrepresented the holdings. We decline to sanction Todd for his use of fictitious case law and failure to comply with the RAPs but order sanctions for the filing this frivolous appeal.

## CONCLUSION

We affirm the trial court's order on summary judgment and decline review of Todd's purported errors that he was wrongly removed as PR, was afforded ineffective assistance of counsel, and that the Agreement was signed by him under duress and should be invalidated. We award Ms. Whitman and Mr. May attorney fees and costs and sanction Todd for filing this frivolous appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Murphy, J.

15