[No. 42448-3-I.    Division One.    August 2, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. KENNETH W. SANDHOLM, *Appellant*.

---

*Stella S. Buder* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Andrew J. Ries, Deputy*, for respondent.

BAKER, J. — Kenneth Sandholm was charged with and convicted of possession of cocaine. As Sandholm and his passenger exited a vehicle, two officers noticed open containers of alcohol inside. Sandholm was given a warning. Both men "appeared nervous during the contact."

Shortly thereafter, officers noticed that the driver's side door handle and trunk lock had been damaged and "[a]n ignition key appeared to be laying on the floorboard." One officer called in the vehicle license by radio, and the Washington Criminal Information Center (WACIC) reported that the vehicle was stolen. The other officer located Sandholm and placed him under arrest. Incident to that arrest, Johnson found cocaine in the coin pocket of Sandholm's trousers.

I

Sandholm challenges his conviction, arguing that the State did not meet its burden in establishing probable cause to arrest him because reliance on the conclusory WACIC report that the vehicle was stolen provides insufficient basis

for probable cause.[1] Therefore, he argues that the warrantless search violated his constitutional rights and the cocaine found in his possession should have been suppressed.

■■■ We review the evidence supporting the trial court's denial of Sandholm's suppression motion independently, to determine whether substantial evidence supported the findings and whether the findings supported the conclusions of law.[2] We conclude that the State had probable cause to arrest Sandholm.

Relying on *State v. Mance*, the State argues that the radio report was presumptively reliable, and sufficient basis for the officers to take action. We disagree. As the court noted in *Mance*, the burden is on the State to establish the reliability of the radio report when the validity of a warrantless search or seizure is at issue.[3] If the validity of a seizure based on a radio report of an outstanding warrant were at issue, the State would be correct that the courts will treat the report as presumptively reliable, and the defendant would bear the burden of disproving the presumption. But here, the record provides no evidence concerning the source of the stolen vehicle report or evidence regarding the procedures followed by WACIC in accepting and broadcasting the information.

Nevertheless, while it is true that exclusive reliance on the WACIC stolen vehicle report would not have provided sufficient basis for the State to establish probable cause to arrest, there was additional evidence here. The WACIC report, coupled with the strong physical evidence suggesting that the vehicle had been stolen (damage to driver's door and trunk locks) and Sandholm's demeanor, provided probable cause.

Affirmed.

---

[1]*State v. Mance*, 82 Wn. App. 539, 544, 918 P.2d 527 (1996); *Whiteley v. Warden Wyo. State Penitentiary*, 401 U.S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971).

[2]*State v. Dempsey*, 88 Wn. App. 918, 921, 947 P.2d 265 (1997).

[3]*State v. Mance*, 82 Wn. App. 539, 544-45, 918 P.2d 527 (1996).

KENNEDY, C.J., and BECKER, J., concur.