169 P.3d 469 (2007)
STATE of Washington, Respondent,
v.
Alex Undrae Paul MOORE, Petitioner.
No. 77484-6.
Supreme Court of Washington, En Banc.
Argued May 18, 2006.
Decided October 11, 2007.
*470 Susan F. Wilk, Washington Appellate Project, Seattle, WA, for Petitioner.
Thomas Marshal Curtis, Snohomish County Pros. Office, Everett, WA, for Respondent.
OWENS, J.
¶ 1 Alex Undrae Paul Moore appeals his conviction for possession of a controlled substance with intent to manufacture or deliver, contending that the trial court erred in denying his motion to suppress evidence discovered in a search incident to his arrest. We agree and hold that the evidence is inadmissible. We reverse the Court of Appeals and remand to the trial court.

FACTS
¶ 2 According to the trial court's unchallenged findings of fact, on April 27, 2003, Everett Police Officer Jamie French stopped a vehicle in which Moore was a passenger. Officer French recognized Moore from a previous encounter but could not recall his name. When asked, Moore told Officer French that his name was "Antoine Carver." Clerk's Papers (CP) at 53. Officer French suspected that Antoine Carver was not Moore's true name. During the stop, Officer French observed a pit bull sitting on Moore's lap in the backseat. She arrested Moore for having a dangerous dog outside of an enclosure in violation of Everett Municipal Code sections 6.08.010(B)(C) and .015. She also arrested Moore for "Refusal to Give Information/Cooperate with an officer." Id. at 54. A second officer at the scene then searched Moore and found cocaine, methadone pills, and approximately $800 in cash. Later that same day, Officer French filed a supplemental report mentioning that she had noticed that none of the passengers were wearing seatbelts when she approached the vehicle. Id. at 73.
¶ 3 The State charged Moore with possession of a controlled substance with intent to manufacture or deliver. Before trial, Moore moved to suppress the evidence discovered in the search on the grounds that his arrest was unlawful. The trial court held that Officer French did not have probable cause to arrest Moore for having a dangerous dog outside of an enclosure because the car constituted a suitable enclosure. Report of Proceedings (RP) (Apr. 23, 2004) at 52. The court also deemed that probable cause did not exist to arrest Moore for refusal to give information/cooperate with an officer because "[g]iving false identification is not a crime in and of itself unless the person is being stopped and charged with a traffic infraction." Id. at 50. The court explained:
In this case, Officer French hadn't identified any traffic infraction that [Moore] was being investigated on, and instead, apparently, was under the impression if you give false identification under any circumstance you're committing a misdemeanor. She's simply wrong on that case.
. . . Mr. Moore had no obligation to give his name in the first place, and so to arrest him for giving a wrong name is inappropriate.
Id. at 50-51. Nonetheless, the trial court held the arrest was valid, ruling that a "hidden reason" supported Moore's arrest. Id. at 53. Based on Officer French's observation that Moore was not wearing a seatbelt and belief that Moore provided false identification, the trial court reasoned that "[t]he officers didn't arrest Mr. Moore for a seat belt violation, but, in hindsight, it appears that they could have." Id. at 54. The court thus concluded that Officer French "had lawful authority to ask the defendant his name for committing the traffic infraction of a seatbelt violation" and that "when the defendant provided a false name to them, officers then had probable cause to arrest" him for failing to identify himself pursuant to an investigation *471 of a traffic infraction under former RCW 46.61.021(3) (1997).[1] CP at 59. The court upheld the search and denied Moore's motion to suppress. Id. at 60.
¶ 4 During a bench trial, the court found Moore guilty of possessing a controlled substance with intent to manufacture or deliver. Moore appealed and the Court of Appeals affirmed. State v. Moore, noted at 128 Wash.App. 1017, 2005 WL 1540901, at *1, 2005 Wash.App. LEXIS 1523, at *2. We granted Moore's petition for review at 156 Wash.2d 1023, 132 P.3d 1094 (2006).

ISSUE
¶ 5 Was the search incident to Moore's arrest lawful under article I, section 7 of the Washington Constitution?

ANALYSIS
¶ 6 Standard of Review. Moore does not challenge the trial court's findings of fact. We therefore view these findings as verities. See State v. Levy, 156 Wash.2d 709, 733, 132 P.3d 1076 (2006) (citing State v. O'Neill, 148 Wash.2d 564, 571, 62 P.3d 489 (2003)). Instead, Moore challenges the trial court's conclusion that the evidence obtained in the search was admissible. We review this conclusion of law de novo. See id. (citing State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999), abrogated by Brendlin v. California, ___ U.S. ___, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007)).
¶ 7 Search Incident to Arrest. The Washington Constitution mandates that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. In contrast to the Fourth Amendment to the United States Constitution, the article I, section 7 provision "recognizes a person's right to privacy with no express limitations." O'Neill, 148 Wash.2d at 584, 62 P.3d 489. A warrantless search is per se unreasonable unless it falls within one of the few narrowly drawn exceptions. State v. Parker, 139 Wash.2d 486, 496, 987 P.2d 73 (1999).
¶ 8 "[T]he search incident to arrest exception to the warrant requirement is narrower" under article I, section 7 than under the Fourth Amendment. O'Neill, 148 Wash.2d at 584, 62 P.3d 489. Under the Washington Constitution, a lawful custodial arrest is a constitutional prerequisite to any search incident to arrest. Id. at 587, 62 P.3d 489. The lawfulness of an arrest stands on the determination of whether probable cause supports the arrest. State v. Potter, 156 Wash.2d 835, 840, 132 P.3d 1089 (2006). Probable cause exists when the arresting officer has "knowledge of facts sufficient to cause a reasonable [officer] to believe that an offense has been committed" at the time of the arrest. Id.
¶ 9 In the instant case, officers searched Moore without a warrant, incident to his arrest for having a dangerous dog outside of an enclosure and for refusal to give information/cooperate with an officer. The State does not challenge the trial court's finding that probable cause does not support either of these bases for Moore's arrest. The State nonetheless argues that Officer French had additional probable cause to support an arrest of Moore for violating former RCW 46.61.021(3), which provides in pertinent part that "[a]ny person requested to identify himself or herself to a law enforcement officer pursuant to an investigation of a traffic infraction has a duty to identify himself or herself." (Emphasis added.)
¶ 10 The record does not support the State's argument that Officer French conducted an "investigation" of the seatbelt violation. The crime of failing to correctly identify one's self under RCW 46.61.021(3) requires more than the mere observation of a traffic infraction and an unrelated request for identification. Rather, the officer must ask the individual for identification pursuant to an investigation of a traffic infraction. Officer French did not cite any passengers *472 for the seatbelt violation and only mentioned her observation that the passengers were not wearing seatbelts in a supplemental report. Officer French also clarified at a subsequent hearing that she did not ask Moore for his name pursuant to an investigation of the seatbelt infraction. RP (Apr. 9, 2004) at 41, 45-46. Based on the objective fact that Officer French was not investigating the seatbelt infraction, a reasonable officer would not have concluded that Moore violated former RCW 46.61.021(3) by failing to correctly identify himself pursuant to an investigation of a traffic infraction. Accordingly, we conclude that probable cause does not support Moore's arrest.

CONCLUSION
¶ 11 Officer French did not have probable cause to arrest Moore for failure to identify himself in violation of former RCW 46.61.021(3). Therefore, the arrest and search were unlawful under article I, section 7 of the Washington Constitution and the evidence obtained during the search is inadmissible. We reverse the Court of Appeals and remand.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, TOM CHAMBERS, CHARLES W. JOHNSON, RICHARD B. SANDERS, and JAMES M. JOHNSON, JJ.
BRIDGE, J. (dissenting).
¶ 12 The majority bases its opinion on the "objective fact" that Officer French was not investigating a traffic infraction. Labeling a fact "objective," however, does not make it so. Because I believe the majority has implicitly based its opinion on a subjective inquiry into intent, a process rejected uniformly in our jurisprudence, I dissent.
¶ 13 Under article I, section 7 of the Washington constitution, a warrantless search is unlawful unless it fits within one of the exceptions to the warrant requirement. See State v. Parker, 139 Wash.2d 486, 496, 987 P.2d 73 (1999). A search incident to arrest is one such exception; however, the original arrest must be based upon probable cause to be valid. See State v. Potter, 156 Wash.2d 835, 840, 132 P.3d 1089 (2006). We have held that "[t]he existence of probable cause is determined by an objective standard." State v. Gaddy, 152 Wash.2d 64, 70, 93 P.3d 872 (2004). We have found that "`[t]he determination [of probable cause] will rest on the totality of facts and circumstances within the officer's knowledge at the time of the arrest.'" State v. Knighten, 109 Wash.2d 896, 899, 748 P.2d 1118 (1988) (emphasis added) (quoting State v. Fricks, 91 Wash.2d 391, 398, 588 P.2d 1328 (1979)); see also Gaddy, 152 Wash.2d at 70, 93 P.3d 872 ("Probable cause exists when the arresting officer is aware of facts or circumstances . . . sufficient to cause a reasonable officer to believe a crime has been committed." (emphasis omitted)). Here, Officer French knew that Alex Undrae Paul Moore was not wearing a seatbelt and suspected that he had given a false name. From these facts a reasonable officer could believe that Moore committed the crime of failing to correctly identify himself pursuant to a traffic infraction. The majority, however, finds that the "objective fact" that Officer French was not actually investigating the traffic infraction means that there was no probable cause. Yet, determining whether or not Moore was investigating the infraction necessarily requires a subjective inquiry as to her intent. We have rejected such inquiries in the past.
¶ 14 In State v. Vangen, 72 Wash.2d 548, 552, 433 P.2d 691 (1967), we addressed whether an arrest was lawful where, although the police knew of several felonies for which they could have arrested the defendant, they ultimately arrested him for an act that was not a felony. We found such arrest permissible because "the officers had knowledge, at the time of the arrest of the appellant, of felonies for which he could have been arrested." Id. at 553, 433 P.2d 691. In Knighten we considered a similar issue, finding that even though an officer did not subjectively believe he had probable cause to arrest a suspect, the existence of probable cause in fact justified the arrest. Knighten, 109 Wash.2d at 898-900, 748 P.2d 1118. Again, we stated that "[t]he arresting officer needed only to have facts and circumstances within his knowledge sufficient to cause a reasonable person to believe that an offense had been committed." Id. at 903, 748 P.2d *473 1118. Although Vangen and Knighten did not consider article I, section 7 of our state constitution, they are not distinguishable here.
¶ 15 We should continue to employ a true objective inquiry to determine the existence of probable cause, wherein we examine the facts and circumstances within the arresting officer's knowledge at the time of the arrest. Here Officer French knew that Moore was not wearing his seatbelt. The trial court found that although Officer French "failed to recognize at the scene the appropriate charge for which probable cause existed," she "had lawful authority to ask the defendant his name for committing the traffic infraction of a seatbelt violation; when the defendant provided a false name to them, officers then had probable cause to arrest the defendant." Clerk's Papers at 59. The actions of the police officers were thus lawful under article I, section 7. I dissent.
WE CONCUR: Justice BARBARA A. MADSEN, and Justice MARY E. FAIRHURST.
NOTES
[1] Under this provision, "[a]ny person requested to identify himself or herself to a law enforcement officer pursuant to an investigation of a traffic infraction has a duty to identify himself or herself, give his or her current address, and sign an acknowledgement of receipt of the notice of infraction." Former RCW 46.61.021(3). Violation of RCW 46.61.021(3) is a misdemeanor. RCW 46.61.022.