# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 68062-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| ERIC VERNON CARMICHAEL, | UNPUBLISHED OPINION |
| Appellant. | FILED: May 13, 2013 |

LEACH, C.J. — Eric Carmichael appeals his sentence for his conviction for possession of stolen property, unlawful possession of a firearm, and violation of the Uniform Controlled Substances Act, chapter 69.50 RCW. He challenges the trial court's finding that he has the current or future ability to pay the imposed mandatory legal financial obligations and the legality of his sentence. In a statement of additional grounds, Carmichael claims that the court improperly denied his motions to suppress evidence, denied him meaningful access to the court, erroneously denied his requested jury instruction, improperly permitted the prosecutor to disclose his prior crimes, erroneously admitted evidence, and miscalculated his offender score. Because the record does not support the ability to pay finding and the finding is unnecessary, we remand for the limited purpose of striking the finding. Finding no merit in Carmichael's remaining arguments, we otherwise affirm.

Background

On May 21, 2011, around 5:00 a.m., an off-duty Seattle Police officer reported suspicious circumstances to the Renton Police. She had seen two white males and a black male flee from a vehicle parked in a no-parking zone into adjacent woods. One of the Renton officers looked into the vehicle and observed an open glove box, items strewn about, the absence of a stereo, and its wires hanging out. A police dispatch indicated that the vehicle was not reported as stolen. The Renton officers found two of the men, including Carmichael, in the woods and directed them to stop. Carmichael matched the description of one of the individuals seen fleeing the vehicle. Although the officers told Carmichael to keep his hands up, he repeatedly dropped them to his side. One of the officers patted down Carmichael for weapons and found a loaded handgun, pepper spray, a window punch, and a Leatherman tool in his jacket pocket.

At a showup, the Seattle Police officer positively identified the men as those she saw at the vehicle. The officers learned that Carmichael was a convicted felon and that the vehicle was now reported as stolen. They arrested Carmichael and searched him incident to arrest, finding methamphetamine and suspected stolen items, including a check.

The State charged Carmichael with one count of possession of a stolen vehicle, one count of unlawful possession of a firearm in the first degree, one count of possession of stolen property in the first degree, and one count of

violation of the Uniform Controlled Substances Act for possession of methamphetamine. The court granted Carmichael's motion to represent himself but also appointed standby counsel. At trial, the court denied Carmichael's motions to suppress physical evidence under CrR 3.6 and his motion to dismiss under CrR 8.3(b) for governmental misconduct. The State conceded that it presented insufficient evidence of possession of a stolen vehicle, and a jury convicted Carmichael on all other counts. The court imposed concurrent sentences, totaling 116 months of confinement and 12 months of community custody. Carmichael appeals.

## Analysis

Carmichael contends that the record does not support the sentencing court's boilerplate finding that he "has the present or likely future ability to pay the financial obligations imposed." Carmichael does not challenge the financial obligations that the court imposed—the victim's penalty assessment and the DNA collection fee. He seeks only to strike the court's finding regarding his ability to pay. Because this finding is unsupported by the record and unnecessary, we grant his request.

The trial court is not required to enter findings regarding a defendant's ability to pay before ordering the defendant to pay financial obligations.[1] The proper time for such findings "is the point of collection and when sanctions are

---

[1] State v. Blank, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997); State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992).

sought for nonpayment."[2] While sentencing courts must consider the defendant's financial situation before imposing nonmandatory costs,[3] this consideration is not necessary at sentencing when, as here, the financial obligations imposed are mandatory.[4] In these circumstances, the challenged finding is unnecessary and should be stricken from the judgment and sentence.

Carmichael also claims that his sentence exceeds the statutory maximum. The court imposed standard range sentences of 116 months of confinement for unlawful possession of a firearm in the first degree, 57 months of confinement for possession of stolen property in the first degree, and 24 months of confinement for violation of the Uniform Controlled Substances Act.

Carmichael contends that the court added the 12 months of community custody to his sentence for unlawful possession of a firearm. He argues that when combined with the 116 months of confinement that the court imposed on this count, the total exceeds the statutory maximum term of 120 months.[5]

---

[2] Blank, 131 Wn.2d at 241-42; State v. Crook, 146 Wn. App. 24, 27, 189 P.3d 811 (2008).

[3] See RCW 10.01.160(3) ("The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."); State v. Baldwin, 63 Wn. App. 303, 308-12, 818 P.2d 1116 (1991), 837 P.2d 646 (1992); State v. Bertrand, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), review denied, 175 Wn.2d 1014, 276 P.3d 10 (2012).

[4] See, e.g., State v. Thompson, 153 Wn. App. 325, 336-39, 223 P.3d 1165 (2009) (DNA fee is mandatory and imposed regardless of hardship); State v. Williams, 65 Wn. App. 456, 460-61, 828 P.2d 1158 (1992) (victim penalty assessment "is mandatory and requires no consideration of a defendant's ability to pay" at sentencing).

[5] RCW 9.41.040; RCW 9A.20.21.

When the standard range term of confinement, in combination with the term of community custody, exceeds the statutory maximum for the crime, RCW 9.94A.701(9) requires the sentencing court to reduce the community custody term to bring the total term within the statutory maximum.[6] Despite Carmichael's assertion, the judgment and sentence shows that the court imposed community custody for possessing methamphetamine, a controlled substance, in violation of RCW 69.50.4013. The standard range sentence for that offense is 12+ to 24 months of confinement. The statutory maximum term is 60 months.[7]

Unlawful possession of a firearm in the first degree and possessing stolen property in the first degree are not crimes against a person.[8] And, unlike violations of the Uniform Controlled Substances Act, they are not violations of chapter 69.50 RCW or chapter 69.52 RCW.[9] Further, the court explicitly rejected the State's request for an exceptional sentence. Therefore, it is clear from the record that the sentencing court imposed 12 months of community custody for violation of the Uniform Controlled Substances Act. Because the maximum term that Carmichael can serve on that count is 36 months and the total term does not exceed the statutory maximum of 60 months, his sentence is lawful.

In a statement of additional grounds, Carmichael challenges the trial court's denial of his motion to suppress the physical evidence that police officers

---

[6] State v. Boyd, 174 Wn.2d 470, 472, 275 P.3d 321 (2012).
[7] RCW 69.50.4013(2); RCW 9A.20.021(1)(c).
[8] See RCW 9.94A.411.
[9] See RCW 9.41.040(1); RCW 9A.56.150.

obtained when they searched him in the woods and incident to arrest. Because Carmichael does not assign error to any of the trial court's findings of fact entered after the suppression hearing, they are verities on appeal.[10] Therefore, "'our review in this case is limited to a de novo determination of whether the trial court derived proper conclusions of law from those [unchallenged] findings.'"[11]

Under Terry v. Ohio,[12] "'[p]olice may conduct an investigatory stop if the officer has a reasonable and articulable suspicion that the individual is involved in criminal activity.'"[13] Police may also conduct a frisk of the person if the officer has reasonable grounds to believe that the person is armed and presently dangerous.[14] We examine the totality of the circumstances to determine whether a Terry stop and frisk was justified.[15]

An arrest is reasonable if it is based on probable cause.[16] The arresting officer must have "'knowledge of facts sufficient to cause a reasonable [officer] to

---

[10] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006) (citing State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003)).

[11] State v. O'Cain, 108 Wn. App. 542, 548, 31 P.3d 733 (2001) (alteration in original) (quoting State v. Armenta, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997)).

[12] 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[13] State v. Lee, 147 Wn. App. 912, 916, 199 P.3d 445 (2008) (quoting State v. Walker, 66 Wn. App. 622, 626, 834 P.2d 41 (1992)).

[14] State v. Hudson, 124 Wn.2d 107, 112, 874 P.2d 160 (1994).

[15] State v. Glover, 116 Wn.2d 509, 514, 806 P.2d 760 (1991).

[16] State v. Moore, 161 Wn.2d 880, 885, 169 P.3d 469 (2007) (citing State v. Potter, 156 Wn.2d 835, 840, 132 P.3d 1089 (2006)).

believe that an offense has been committed' at the time of the arrest."[17] An officer may search an individual's person incident to a valid arrest.[18]

Here, the trial court concluded that the stop and pat-down search and the search incident to arrest were lawful. Based upon the unchallenged findings of fact, we affirm the trial court's denial of Carmichael's motion to suppress the evidence.

Carmichael also claims that the trial court improperly denied him "non-monitored and non-recorded phone calls and funds for essential supplies and services from the Office of Public Defense," as well as "additional requests for legal materials such as WPIC's [sic]."[19] We reject these contentions.

The court determined that the jail was not monitoring his phone calls with his investigator or standby counsel, that the jail "has legitimate security reasons" for monitoring his phone calls with defense witnesses, and that he did not have a privilege that applied to his witnesses. At a pretrial hearing, Carmichael agreed that the court had addressed many of his requests for additional materials. Because Carmichael does not explain why he needed additional supplies, he fails to show that he was entitled to any additional funds.

---

[17] Moore, 161 Wn.2d at 885 (alteration in original) (quoting Potter, 156 Wn.2d at 840).
[18] State v. Jones, 146 Wn.2d 328, 335, 45 P.3d 1062 (2002) (citing State v. Vrieling, 144 Wn.2d 489, 492, 28 P.3d 762 (2001)).
[19] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (3d ed. 2008) (WPIC).

Carmichael also fails to demonstrate that he was denied access to any necessary services. He chose to represent himself. He agreed that he had access to Westlaw while he was in jail, and he communicated frequently with the Office of Public Defense and with his standby counsel. Because Carmichael had adequate resources to enable him to defend himself sufficiently, we conclude that he was not denied meaningful access to the court.[20]

Next, Carmichael claims that the court erred "in denying defendant's jury instruction on knowingly and willingly, AKA 'unwitting possession.'" To define the knowledge element of unlawful possession of a firearm in the first degree, Carmichael sought to use a definition from a 1968 version of Black's Law Dictionary. Because Carmichael fails to show that his proposed instruction states the applicable law correctly, we reject his claim.[21]

Carmichael also asserts that even though the court granted his motion in limine to prohibit the prosecutor from impeaching him with certain prior convictions, the prosecutor "attacked his character by disclosing his prior crimes to the jury." The court rejected Carmichael's CrR 8.3(b) motion raising this issue.

---

[20] See State v. Silva, 107 Wn. App. 605, 629-30, 27 P.3d 663 (2001) ("[W]e hold that unless otherwise ordered by the trial court, standby counsel is not required to actually perform research and errands on behalf of pro se defendants. Rather, their role is, as the term standby 'counsel' suggests, one of alerting the accused to matters beneficial to him and providing the accused with legal advice or representation upon request.").

[21] See Joyce v. Dep't of Corr., 155 Wn.2d 306, 323, 119 P.3d 825 (2005) ("'Jury instructions are sufficient if they allow the parties to argue their theories of the case, do not mislead the jury and, when taken as a whole, properly inform the jury of the law to be applied.'" (quoting Hue v. Farmboy Spray Co., 127 Wn.2d 67, 92, 896 P.2d 682 (1995))).

The court can dismiss charges under CrR 8.3(b) if the defendant shows both (1) arbitrary action or governmental misconduct and (2) prejudice.[22] We review a trial court's denial of an 8.3(b) motion for manifest abuse of discretion.[23] A trial court abuses its discretion if its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'"[24]

The record shows that the prosecutor properly impeached Carmichael with evidence of prior convictions for crimes involving dishonesty.[25] The prosecutor elicited this evidence from Carmichael on cross-examination and also established the prior convictions by public record. Because Carmichael does not show governmental misconduct, we need not reach the prejudice element.

Carmichael contends that the State violated ER 1002 and ER 1003 by presenting a facsimile of a check that police obtained when they searched him incident to arrest. Because Carmichael did not raise this objection when the State introduced the check into evidence, his objection was untimely.[26] As such, we decline to address this issue.[27]

---

[22] State v. Michielli, 132 Wn.2d 229, 239-40, 937 P.2d 587 (1997) (citing State v. Blackwell, 120 Wn.2d 822, 831, 845 P.2d 1017 (1993)).

[23] State v. Moen, 150 Wn.2d 221, 226, 76 P.3d 721 (2003) (citing Michielli, 132 Wn.2d at 240).

[24] In re Estate of Black, 153 Wn.2d 152, 172, 102 P.3d 796 (2004) (internal quotation marks omitted) (quoting State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004)).

[25] ER 609(a)(2).

[26] See State v. O'Neill, 91 Wn. App. 978, 993, 967 P.2d 985 (1998) ("The failure to make a timely objection to the admission of evidence at trial precludes appellate review.").

[27] RAP 2.5(a).

Finally, Carmichael claims that the court miscalculated his offender score because it should have counted three of his juvenile convictions as the same criminal conduct. Prior crimes encompass the same criminal conduct and count as one crime when they share the same criminal intent, time and place, and victim.[28] A same criminal conduct finding is a discretionary determination.[29]

The court found that the certified copies of Carmichael's prior convictions were valid and explained that Carmichael was "sentenced separately on them and they have different cause numbers." Because Carmichael fails to demonstrate that the court's reasoning is based on untenable grounds or reasons, we uphold the court's offender score calculation.

## Conclusion

The boilerplate language in Carmichael's judgment and sentence regarding his ability to pay the imposed mandatory legal financial obligations was not supported by the record and was unnecessary. Carmichael's sentence did not exceed the statutory maximum, and the issues that he raises in his statement

---

[28] State v. Torngren, 147 Wn. App. 556, 564, 196 P.3d 742 (2008) (citing RCW 9.94A.589(1)(a)).

[29] State v. Young, 97 Wn. App. 235, 243, 984 P.2d 1050 (1999); see State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997) (appellate court reviews a same criminal conduct determination for clear abuse of discretion or misapplication of the law).

of additional grounds lack merit. Therefore, we remand to the trial court to strike the unnecessary finding about Carmichael's ability to pay and otherwise affirm.

_Leach, C.J._

WE CONCUR:

_Gx, J._          _Becker, J._